Conditional Acceptance
Eric Miguel Penate
Escrow Number 20070001
Certified Mail Number 7006 3450 0001 2034 4706
Eric Miguel Penate
Without Prejudice
26021 Gettysburg Ave.
Hayward Ca
Zip Code Exempt
[DMM 122.32] as amended

Wilshire credit Corporation
P.O. BOX 8517
Portland Oregon 97207-8517

September 7, 2007

# NOTICE

# CONDITIONAL ACCEPTANCE

## Administrative Procedures Act, 5 USC § 552a seq.

When determination of the constitutional issue depends on factual determinations, they should be made first by the administrative officials who are especially equipped to inquire, in the first instance, into the facts." Roadway Express v Kingsley, 179 Atlantic 2d 729, 732.

### ADMINISTRATIVE PROCESS

"Held, that the constitutionality of an agency's procedure may be challenged in a judicial reviewing court without first challenging in the agency and without first exhausting administrative remedies on the questions." Mathews v Eldridge, 424 US 319 (1976)

However, Claimant believes that because it is a sharp departure from previous law and in certain respects, contrary to the clear words before it, Claimant has exhausted his administrative remedy, as the historical holdings are clearly cut as to demanded procedure.

"Administrative exhaustion is demanded where constitutional challenge is to the statute as applied by the agency". Matters v City, 219 NW2d 718

"Where the challenge is to the statute administered, the exhaustion requirement does serve a useful purpose. The courts should not rule that a statute is unconstitutionally administered when the available avenues of administration has not been explored." Metcalf v Swank, 444 F.2d 1353, 1357 (7th Cir 1971), vacated on other grounds, 406 US 1114 (1972)

"When determination of the constitutional issue depends on factual determinations, they should be made first by the administrative officials who are especially equipped to inquire, in the first instance, into the facts." Roadway Express v Kingsley, 179 A.2d 729, 732

Conditional Acceptance
Eric Miguel Penate
Escrow Number 20070001
Certified Mail Number 7006 3450 0001 2034 4706

# HISTORY OF CASE DEMANDS ADMINISTRATIVE PROCESS

An Administrative process is vital on this matter as Claimant became an aggrieved party suffering legal wrongs. No administrative hearing or record of facts, of the matter for review, or issues for review were extant. Claimant has now been heard and has exhausted his Administrative Remedy.

Before a matter may be reviewed, a record of the Administrative Remedy proceedings must be established on the record.

The question now becomes; is WILSHIRE CREDIT CORPORATION an agency of government?

Pursuant to 31 CFR 202.0, it is stated, that any bank that deals in public money, the bank is actually an agency of the UNITED STATES, meaning the bank must comply with 5 USC 552a just like any other governmental agency.

*Davis vs. Elmira Savings*, 161 U.S. 275, at 283 (1896) "National banks are instrumentalities of the Federal Government, created for a public purpose, and as such necessarily subject to the paramount authority of the United States." *Anderson National Bank vs. Luckett*, 321 U.S. 233, at 252 (1943 *Marquette National Bank vs. First of Boston*, 439 U.S. 308 (1978)

## INSTRUMENTALITY RULE

"Under this rule, corporate existence will be disregarded where a corporation (subsidiary) is so organized and controlled and its affairs so conducted as to make it only an adjunct and instrumentality of another corporation (parent corporation), and parent corporation will be responsible for the obligations of its subsidiary.

The so-called "instrumentality" or "alter ego" rule states that when a corporation is so dominated by another corporation that the subservient corporation becomes a mere instrument and is really indistinct from controlling corporation, then the corporate veil of dominated corporation will be disregarded, if to retain it results in injustice." Black's Law Dict., Abridged Sixth Edition

Eric Miguel Penate is attempting to settle the disputed claim that WILSHIRE CREDIT CORPORATION purports to have in the transaction involving WILSHIRE CREDIT CORPORATION'S Account Numbers 1855963 & 1855824 between WILSHIRE CREDIT CORPORATION and Eric Miguel Penate

## CONDITIONAL ACCEPTANCE

Therefore; I, Eric Miguel Penate, do hereby conditionally accept the purported loan under WILSHIRE CREDIT CORPORATION'S Account Numbers 1855963 &1855824.

The presenter, WILSHIRE CREDIT CORPORATION, drafting the undersigned to "AFIRM A DEBT", does NOT constitute a claim of a debt owing.

Said document, Unsigned, apparently, no one having the standing to either validate the debt or make any claims issued by the LOAN STATEMENT.

Since the 'LOAN STATEMENT', WILSHIRE CREDIT CORPORATION;S ACCOUNT NUMBER 1855963, hereinafter referred to as; 'LOAN STATEMENT', were unaccompanied by an affidavit, by alleged 'claimant' attesting it as true, correct, complete, and not misleading. Said 'LOAN STATEMENT' are stamped and conditionally accepted and attached hereto as Exhibit A -1.

Please take notice of the Conditionally Accepted attachment hereto, affixed as Exhibit A-1, which appear to be an unsubstantiated attempt to affirm the existence of a 'debt' in the absence of a certificate of claim, indicating the charges will be honored upon WILSHIRE CREDIT CORPORATION'S production of evidence that there is a dispute as to certain facts, as the undersigned has no knowledge as to why a corporation would proceed with the knowledge that (1) insufficient notice of a debt owing was provided; (2) exculpatory and material evidence, in the possession of a

Conditional Acceptance
Eric Miguel Penate
Escrow Number 20070001
Certified Mail Number 7006 3450 0001 2034 4706

party to the action, is excluded from consideration because the party was NOT noticed of a hearing date, and was prevented from requesting a certificate of claim from the alleged injured or damaged party, (3) no sufficient process of service was received, and agents of WILSHIRE CREDIT CORPORATION sent documents through the U.S. MAILS without conducting the mandatory inquiry prescribed by law. The undersigned, further, is unaware of having any contract with the 'Plaintiff in the instant action, or of presenting the plaintiff with any information which would enable the plaintiff to testify upon personal knowledge, and which would eliminate 'Plaintiffs' collusion to enable unjust enrichment via fraud. Therefore, the following terms are requested before the undersigned can determine whether or not to subordinate the undersigned's priority lien in favor of an unsubstantiated claim.

The conditions, which require satisfaction, prior to full acceptance, are:

1. Proof of claim that Eric Miguel Penate is obligated to perform to your demands.

2. Proof of claim that Eric-Miguel:Penate is the party receiving the value alleged as exchanged.

3. Proof of claim that Eric Miguel Penate and WILSHIRE CREDIT CORPORATION had a meeting of the minds regarding the waiver of notice of protest.

4. Proof of claim that Eric Miguel Penate voluntarily waived notice of protest.

5. Proof of claim that Eric Miguel Penate was notified of a dishonor.

6. Proof of claim that the "LOAN STATEMENT" are not an attempt to defraud said party in order `to avoid conducting a costly investigation for the truth.

7. Proof of claim that the charges delineated in the "LOAN STATEMENT", aren't an attempt by an agent of a defrauding party to assign blame for an act NOT committed by the purported 'debtor', in order to avoid conducting the inquiry mandated by law.

8. Proof of claim that the charges delineated in the "LOAN STATEMENT", isn't an attempt by an agent of a defrauding party without first hand knowledge, and upon hearsay, to presume the undersigned owes a debt.

9. Proof of claim that Eric Miguel Penate received goods, services, or other benefits from the true creditor, for whom you, WILSHIRE CREDIT CORPORATION, purport to be.

10. Proof of claim that WILSHIRE CREDIT CORPORATION can and is willing to produce the original instrument contract Eric Miguel Penate is alleged to have created that makes him liable.

11. Proof of claim that WILSHIRE CREDIT CORPORATION can and is willing to demonstrate the original instrument, which Eric Miguel Penate is alleged to have created, has not been endorsed over to other parties each time, if said instrument has changed hands.

12. Proof of claim that the original instrument, which Eric Miguel Penate is alleged to have created has not been endorsed over to a GSE (Government Sponsored Enterprise).

13. Proof of claim that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that the application Eric-Miguel:Penate is alleged to have created, isn't a security agreement.

14. Proof of claim that Eric Miguel Penate signature is on the original instrument Eric Miguel Penate is alleged to have created.

15. Proof of claim that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that the amount limit on the application isn't a line of credit.

16. Proof of claim that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that the amount limit on the application isn't the amount of the bond behind the security.

17. Proof of claim that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that the amount limit on the application isn't a line of credit, indicating that a third party is prepared to guarantee the 'applicant' is good for up to that amount.

18. Proof of claim that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that the bond underwrites the creation of the funds.

19. Proof of claim that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit.

20. Proof of claim that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit, which WILSHIRE CREDIT CORPORATION can use whatever the 'applicant' does not' use'.

21. Proof of claim that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit, which WILSHIRE CREDIT CORPORATION uses for investments on return.

22. Proof of claim that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that WILSHIRE CREDIT CORPORATION isn't the trustee on the account.

23. Proof of claim that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that WILSHIRE CREDIT CORPORATION does not profit from the signature of the security agreement.

24. Proof of claim that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that WILSHIRE CREDIT CORPORATION does not profit from the investments on the secured line of credit 'granted' by the application.

25. Proof of claim that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that the merchandise is merely the premium to induce the purchase of the debt.

26. Proof of claim that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that if the application Eric Miguel Penate is alleged to have created, is produced, that the party possessing said instrument, isn't required to give up the line of credit.

27. Proof of claim that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that if the application Eric Miguel Penate is alleged to have created, is produced, that the party possessing said instrument, isn't still using the line of credit, while WILSHIRE CREDIT CORPORATION is demanding payment.

28. Proof of claim that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that the WILSHIRE CREDIT CORPORATION isn't required to provide Eric-Miguel: Penate with the amount Eric-Miguel: Penate has paid in, to date.

29. Proof of claim that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that WILSHIRE CREDIT CORPORATION cannot admit that Eric Miguel Penate has paid something to WILSHIRE CREDIT CORPORATION, to date.

30. Proof of claim that Eric-Miguel: Penate willingly and knowingly accepted, or intended to accept extraordinary admiralty benefits for which you, your agency, or anyone at your agency, purport to collect.

31. Proof of claim that the WILSHIRE CREDIT CORPORATION is prepared to identify the true creditor.

32. Proof of claim that the 'claims' made by WILSHIRE CREDIT CORPORATION is predicated upon the verified claims of the true creditor 'claimant', as true, correct, complete, and not misleading.

33. Proof of claim that the 'claims' made by the WILSHIRE CREDIT CORPORATION is predicated upon the verified claims of the true creditor 'claimant', and not the presumptions of the collection agent, unless said agent verifies that he/she can validate the ' claims' as true, correct, complete, and not misleading, under his/her/its full commercial liability.

34. Proof of claim that the purported protest assessed against the party allegedly in dishonor, was predicated upon something other than said dishonor.

36. Proof of claim that the purported protest assessed against the party allegedly in dishonor, was predicated upon something other than said dishonor, namely the 'substantive claim'.

37. Proof of claim that the purported protest assessed against the party allegedly in dishonor, was preceded with an opportunity to cure said dishonor, prior to the making of said demand, unless a waiver of notice of protest can be produced.

38. Proof of claim that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to **occur in secret**.

39. Proof of claim that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to **underlie the filing of an any claim, once the dishonor is cured**.

40. Proof of claim that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to proceed , in the absence of evidence of disclosure the notice of dishonor/protest was waived.

41. Proof of claim that there was a meeting of the minds between the undersigned and the alleged 'claimant' as to the notice of dishonor/protest.

42. Proof of claim that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, the drafter of the 'LOAN STATEMENT' is not required to re-draft purported 'claimant' for an affidavit, true, correct, complete, and not misleading, stating a claim.

43. Proof of claim that the 'LOAN STATEMENT' is not an outrageous claim intended as a lure to create the status of dishonor in the undersigned.

44. Proof of claim that if the purported 'protest' did **occur in secret, the party allegedly in dishonor,** was not denied due process and the opportunity to handle his commercial affairs properly.

45. Proof of claim that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading.

46. Proof of claim that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading, from a 'claimant' party with personal knowledge.

47. Proof of claim that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading, from the representatives of the 'claimant' party, ergo, the attorneys for said 'claimant' party, having personal knowledge.

48. Proof of claim that the attorneys for either or both the true creditor and/or its collection agency, do not know and cannot discover that the 'LOAN STATEMENT' is an outrageous claim designed to lure the undersigned into a dishonor.

49. Proof of claim that the attorneys for either or both the true creditor and/or its collection agency, do not know or cannot discover that the 'LOAN STATEMENT' is an outrageous claim designed to lure the undersigned into a dishonor, under the full commercial liability of each associated with the 'LOAN STATEMENT'.

50. Proof of claim that any controversy requiring settlement can be done by anything other than via payment of asset monies, to discharge the 'claims'/charges entered into bookkeeping entries, which the undersigned offers via this Conditional Acceptance.

51. Proof of claim that any controversy requiring settlement can be done by anything other than via payment of asset monies, no matter how long said establishment of the account takes, to insure proper and complete delivery of asset instruments.

Conditional Acceptance
Eric Miguel Penate
Escrow Number 20070001
Certified Mail Number 7006 3450 0001 2034 4706

52. Proof of claim that evidence (of the admissible kind) which establishes that if the undersigned is now offering settlement of the alleged 'claims', regardless of the nature of the debt, the identity of the 'debtor' and/or the method of settlement, in asset funds pending the establishment of said account, in order to permanently close the alleged account, the true creditor or its collection agency is not required to await the establishment of the asset money account.

53. Proof of claim that evidence (of the admissible kind) which establishes that the prior dishonor of the undersigned was anything other than inadvertent.

54. Proof of claim that the charges delineated in the LOAN STATEMENT are due and owing by the entity cited thereon.

## NOTICE

Failure of responding or rebutting, shall be deemed as agreement with the facts stated in the affidavit in support, hereto attached, mandating the immediate carrying out of the settlement negotiations, to demonstrate the performance obligation, now that the inadvertent dishonor is cured, by you or your agents, in order to maintain the honor bestowed by said draft. Your response must be in affidavit form, under your full commercial liability, rebutting each of my points, on a point-by-point basis, that the facts contained therein, are true, correct, complete and not misleading. Declarations are insufficient, as declarations permit lying by omission, which no honorable draft may contain.

Very truly yours,

Eric Miguel Penate

All reply's are to be mailed to:

Attachment:
Exhibit A-1

State of California, County Of San Mateo
Subscribed & sworn before me
On __12__ day of __SEPT__, 20_07_
By __ERIC MIGUEL PENATE__
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____

SHASHI SHETH
Commission # 1618359
Notary Public - California
San Mateo County
My Comm. Expires Nov 30, 2009

Page 6 of 6 Pages