Letter Rogatory
Eric Miguel Penate
Escrow Number 20070001
Certified Mail Number 7006 3450 0001 2034 4706
Eric Miguel Penate
Without Prejudice
26021 Gettysburg Ave.
Hayward Ca
Zip Code Exempt
[DMM 122.32] as amended

Wilshire credit Corporation
P.O. BOX 8517
Portland Oregon 97207-8517

September 7, 2007

# NOTICE

## *LETTER - ROGATORY*

RE: OFFER FOR SETTLEMENT AND CLOSURE VIA MUTUAL FACT FINDING

    I, Eric Miguel Penate, hereby accepts for value and return for value, the, "LOAN STATEMENT" of WILSHIRE CREDIT CORPORATION Loan Numbers 1855824&1855963 for the purpose of agreeing to fully cooperate by providing all responses necessary to effectuate settlement and closure of said investigation, and requesting that WILSHIRE CREDIT CORPORATION'S Attorney join in the mutual resolution of any issues which may result after WILSHIRE CREDIT CORPORATION'S Attorney conducts a full, well-rounded investigation to determine the need for further investigation from the undersigned. Said document, deemed a presentment, is labeled Exhibit A-1 and is attached to the Conditional acceptance.

    In addition, you are also requested to send the attached affidavit (make one copy for each purported 'complainant', although you may disallow/disregard/disdain any reports from parties (a) unwilling to put their full commercial liability on the line by signing said affidavit; (b) attempting to use WILSHIRE CREDIT CORPORATION'S Attorney or employees to continue to exact property as promised in Exhibit A-1, which resulted in an injury herein referenced as a way to bribing/inducing/influencing employees to generate harassing procedures against the undersigned, who do not have personal knowledge of the undersigned's intent, policies, practices, or compliance with the law.

    Lastly, you are requested to designate which meaning of certain terms bearing various connotations, are used in the questions posed, so the undersigned may avoid presumptions as to the true intent of the question. Words like 'anyone', 'person', ERIC M. PENATE or Eric Miguel Penate should not be presumed to be either the same, or interchangeable, or excluding or including limited groups or classes of people, if accurate responses are the true purpose of the investigation. The undersigned has no intent to dishonor any presentment, and desires to assist in the immediate resolution of 'real issues', but believes that the duty exists to save all parties unnecessary efforts which may do nothing except generate a fleeting joy for misguided employee attempting to pull out all stops to cause injury, embarrassment, and humiliation to the undersigned.

    Therefore you are requested to initiate your investigation by focusing on the true reason said allegations were instigated, before unnecessary, pointless, and vindictive actions drive unprovoked and wasteful efforts to accommodate complainant's wrath against the undersigned.

    Your responses to the following requests will form the basis for the undersigned's responses and duty to quell actual claims from true complainants, which is an obligation the undersigned welcomes, so the public may operate without interference.

**List of Requests necessary before the undersigned can determine if the intent is to harass by generating**

Letter Rogatory
Eric Miguel Penate
Escrow Number 20070001
Certified Mail Number 7006 3450 0001 2034 4706

'argument', controversy, and loss of good will, or to actually resolve an injury or damage to a genuine complainant:

1. Show that Eric Miguel Penate is obligated to perform to your demands.

2. Show that Eric Miguel Penate is the party receiving the value alleged as exchanged.

3. Show that Eric Miguel Penate and WILSHIRE CREDIT CORPORATION had a meeting of the minds regarding the waiver of notice of protest.

4. Show that Eric Miguel Penate voluntarily waived notice of protest.

5. Show that Eric Miguel Penate was notified of a dishonor.

6. Show that the "LOAN STATEMENT" are not an attempt to defraud said party in order to avoid conducting a costly investigation for the truth.

7. Show that the charges delineated in the "LOAN STATEMENT", aren't an attempt by an agent of a defrauding party to assign blame for an act NOT committed by the purported 'debtor', in order to avoid conducting the inquiry mandated by law.

8. Show that the charges delineated in the "LOAN STATEMENT", isn't an attempt by an agent of a defrauding party without first hand knowledge, and upon hearsay, to presume the undersigned owes a debt.

9. Show that Eric Miguel Penate received goods, services, or other benefits from the true creditor, for whom you, WILSHIRE CREDIT CORPORATION, purport to be.

10. Show that WILSHIRE CREDIT CORPORATION can and is willing to produce the original instrument contract Eric Miguel Penate is alleged to have created that makes him liable.

11. Show that WILSHIRE CREDIT CORPORATION can and is willing to demonstrate the original instrument, which Eric Miguel Penate is alleged to have created, has not been endorsed over to other parties each time, if said instrument has changed hands.

12. Show that the original instrument, which Eric Miguel Penate is alleged to have created has not been endorsed over to a GSE (Government Sponsored Enterprise).

13. Show that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that the application Eric Miguel Penate is alleged to have created, isn't a security agreement.

14. Show that Eric Miguel Penate signature is on the original instrument Eric Miguel Penate is alleged to have created.

15. Show that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that the amount limit on the application isn't a line of credit.

16. Show that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that the amount limit on the application isn't the amount of the bond behind the security.

17. Show that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that the amount limit on the application isn't a line of credit, indicating that a third party  is  prepared to guarantee the 'applicant' is good for up to that amount.

18. Show that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that the bond underwrites the creation of the funds.

19. Show that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit.

Letter Rogatory
Eric Miguel Penate
Escrow Number 20070001
Certified Mail Number 7006 3450 0001 2034 4737

20. Show that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit, which WILSHIRE CREDIT CORPORATION can use whatever the 'applicant' does not' use'.

21. Show that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit, which WILSHIRE CREDIT CORPORATION uses for investments on return.

22. Show that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that WILSHIRE CREDIT CORPORATION isn't the trustee on the account.

23. Show that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that WILSHIRE CREDIT CORPORATION does not profit from the signature of the security agreement.

24. Show that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that WILSHIRE CREDIT CORPORATION does not profit from the investments on the secured line of credit 'granted' by the application.

25. Show that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that WILSHIRE CREDIT CORPORATION does not profit from the signature of the security agreement.

26. Show that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that the merchandise is merely the premium to induce the purchase of the debt.

27. Show that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that if the application Eric Miguel Penate is alleged to have created, is produced, that the party possessing said instrument, isn't required to give up the line of credit.

28. Show that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that if the application Eric Miguel Penate is alleged to have created, is produced, that the party possessing said instrument, isn't still using the line of credit, while WILSHIRE CREDIT CORPORATION is demanding payment.

29. Show that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that the WILSHIRE CREDIT CORPORATION isn't required to provide Eric Miguel Penate with the amount Eric Miguel Penate has paid in, to date.

30. Show that WILSHIRE CREDIT CORPORATION or WILSHIRE CREDIT CORPORATION'S attorneys do not know or cannot discover that WILSHIRE CREDIT CORPORATION cannot admit that Eric Miguel Penate has paid something to WILSHIRE CREDIT CORPORATION, to date.

31. Show that Eric Miguel Penate willingly and knowingly accepted, or intended to accept extraordinary admiralty benefits for which you, your agency, or anyone at your agency, purport to collect.

32. Show that the WILSHIRE CREDIT CORPORATION is prepared to identify the true creditor.

33. Show that the 'claims' made by WILSHIRE CREDIT CORPORATION is predicated upon the verified claims of the true creditor 'claimant', as true, correct, complete, and not misleading.

34. Show that the 'claims' made by the WILSHIRE CREDIT CORPORATION is predicated upon the verified claims of the true creditor 'claimant', and not the presumptions of the collection agent, unless said agent verifies that he/she can validate the ' claims' as true, correct, complete, and not misleading, under his/her/its full commercial liability.

35. Show that the purported protest assessed against the party allegedly in dishonor, was predicated upon something other than said dishonor.

36. Show that the purported protest assessed against the party allegedly in dishonor, was predicated upon something other than said dishonor, namely the 'substantive claim'.

Letter Rogatory
Eric Miguel Penate
Escrow Number 20070001
Certified Mail Number 7006 3450 0001 2034 4737

37. Show that the purported protest assessed against the party allegedly in dishonor, was preceded with an opportunity to cure said dishonor, prior to the making of said demand, unless a waiver of notice of protest can be produced.

38. Show that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to **occur in secret**.

39. Show that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to **underlie the filing of an any claim, once the dishonor is cured**.

40. Show that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to proceed, in the absence of evidence of disclosure the notice of dishonor/protest was waived.

41. Show that there was a meeting of the minds between the undersigned and the alleged 'claimant' as to the notice of dishonor/protest.

42. Show that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, the drafter of the 'LOAN STATEMENT' is not required to re-draft purported 'claimant' for an affidavit, true, correct, complete, and not misleading, stating a claim.

43. Show that the 'LOAN STATEMENT' is not an outrageous claim intended as a lure to create the status of dishonor in the undersigned.

44. Show that if the purported 'protest' did **occur in secret, the party allegedly in dishonor**, was not denied due process and the opportunity to handle his commercial affairs properly.

45. Show that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading.

46. Show that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading, from a 'claimant' party with personal knowledge.

47. Show that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading, from the representatives of the 'claimant' party, ergo, the attorneys for said 'claimant' party, having personal knowledge.

48. Show that the attorneys for either or both the true creditor and/or its collection agency, do not know and cannot discover that the 'LOAN STATEMENT' is an outrageous claim designed to lure the undersigned into a dishonor.

49. Show that the attorneys for either or both the true creditor and/or its collection agency, do not know or cannot discover that the 'LOAN STATEMENT' is an outrageous claim designed to lure the undersigned into a dishonor, under the full commercial liability of each associated with the 'LOAN STATEMENT'.

50. Show that any controversy requiring settlement can be done by anything other than via payment of asset monies, to discharge the 'claims'/charges entered into bookkeeping entries, which the undersigned offers via this Conditional Acceptance.

51. Show that any controversy requiring settlement can be done by anything other than via payment of asset monies, no matter how long said establishment of the account takes, to insure proper and complete delivery of asset instruments.

52. Show that evidence (of the admissible kind) which establishes that if the undersigned is now offering settlement of the alleged 'claims', regardless of the nature of the debt, the identity of the 'debtor' and/or the method of settlement, in asset funds pending the establishment of said account, in order to permanently close the alleged account, the true creditor or its collection agency is not required to await the establishment of the asset money account.

53. Show that evidence (of the admissible kind) which establishes that the prior dishonor of the undersigned was anything other than inadvertent.

Letter Rogatory<br>
Eric Miguel Penate<br>
Escrow Number 20070001<br>
Certified Mail Number 7006 3450 0001 2034 4737

54. Show that the charges delineated in the LOAN STATEMENT are due and owing by the entity cited thereon.

### NOTICE

**Failure of responding or rebutting, shall be deemed as agreement with the facts stated in the affidavit in support, hereto attached,** mandating the immediate carrying out of the request to correct the record, and, in the absence of a certificate of claim, cease and desist any attempted collection of non owing debt, by you or your agents, in order to maintain the honor bestowed by said draft. Your response must be in affidavit form, under your full commercial liability, rebutting each of my points, on a point-by-point basis, that the facts contained therein, are true, correct, complete and not misleading. Declarations are insufficient, as declarations permit lying by omission, which no honorable draft may contain.

Very truly yours,

Eric Miguel Penate

All reply's are to be mailed to:

Attachment: (Affidavit)

State of California, County Of San Mateo
Subscribed & sworn before me
On __12__ day of __SEPT__, 20__07__
By __ERIC   MIGUEL   PENATE__
Proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.

Signature _____

SHASHI SHETH
Commission # 1618359
Notary Public - California
San Mateo County
My Comm. Expires Nov 30, 2009

Page 5 of 5 Pages